**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000400
04-MAR-2022
07:46 AM
Dkt. 53 SO**

NO. CAAP-19-0000400

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

OCWEN LOAN SERVICING, LLC, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF ELIMA LANI CONDOMINIUMS,
Defendant-Appellant,
and
GEOFFREY MICHAEL MILLS, SARAH KAY MILLS fka Sarah Kay Sechowski;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10 and DOE GOVERNMENTAL
UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC16100041K)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant **Association** of Apartment Owners of
Elima Lani Condominiums appeals from the **Judgment** in favor of
Plaintiff-Appellee **Ocwen** Loan Servicing, LLC entered by the
Circuit Court of the Third Circuit on May 2, 2019.[1]  For the
reasons explained below, we affirm the Judgment.

Ocwen filed a complaint for mortgage foreclosure
against mortgagors Geoffrey Michael Mills and Sarah Kay Mills
(collectively, the **Mills**), and the Association, on February 3,
2016.  The Association answered the complaint.  The Mills did
not.  The Mills' defaults were entered on October 30, 2018.

---

[1]     The Honorable Robert D.S. Kim presided.

The Mills were also in default of maintenance fees owed to the Association. The Association conducted a nonjudicial foreclosure of its lien for unpaid maintenance fees. On May 16, 2018, the Association recorded an affidavit of nonjudicial foreclosure under power of sale in the **Bureau** of Conveyances. On May 23, 2018, a quitclaim deed transferring title to the Mills' **Property** to the Association was recorded in the Bureau. The quitclaim deed stated that it was "subject . . . to all encumbrances of record[.]"

On November 14, 2018, Ocwen filed a motion for default judgment and decree of foreclosure. The Association filed a "Limited Memorandum in Opposition[.]" The Association contended that as the owner of the Property, it should continue to retain possession of the Property and collect rental proceeds until the court entered a final judgment confirming a foreclosure sale of the Property. The Association also reserved its right to collect a six-month special assessment under Hawaii Revised Statutes (**HRS**) § 514B-146.

On May 2, 2019, the circuit court entered an order granting summary judgment in favor of Ocwen and against all defendants (**MSJ Order**). The circuit court appointed a commissioner to take possession of, and sell, the Property, and vested him "with all equitable and legal title" to the Property. The Judgment was also entered on May 2, 2019. The Association filed a timely notice of appeal.

The Association raises two points of error:

1. "The circuit court committed reversible error when it purportedly vested the Commissioner with and divested the Association of equitable and legal title to the Property owned by the Association"; and

2. "The circuit court committed reversible error when it purportedly vested the Commissioner with the right to possess and manage the Property (including collecting and receiving rental income from the Property upon the entry of the MSJ Order, and ordered the Commissioner 'to take possession and manage the Property' owned by the Association,

including the collection and receipt of rents."

The circuit court erred by stating that the Commissioner was vested with legal and equitable title to the Property, as opposed to being vested with certain powers and charged with certain duties with respect to the Property. U.S. Bank Tr., N.A. v. Ass'n of Apartment Owners of Waikoloa Hills Condo. Phase I, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, Nos. CAAP-18-0000486, CAAP-18-0000963 (Consolidated), 2022 WL 574511, at *9 (Haw. App. Feb. 25, 2022) amended by ___ Hawaiʻi ___, ___ P.3d ___, Nos. CAAP-18-0000486, CAAP-18-0000963 (Consolidated), 2022 WL 592928 (Table) (Haw. App. Feb. 28, 2022). However, the circuit court did not err or abuse its discretion in ordering the Commissioner to take possession of and to manage, preserve, and sell the Property, including the collection of rents. The Association's title to the Property was subject to Ocwen's mortgage lien, and a judgment of foreclosure is a final determination of a foreclosed party's ownership interest in the subject property. In other words, the Association's ownership rights in the Property were foreclosed when the Judgment was entered, even though further proceedings were necessary to enforce and otherwise effectuate the MSJ Order and Judgment. Bank of N.Y. Mellon v. Larrua, ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, No. CAAP-17-0000904 (Consolidated with No. CAAP-18-0000571), 2022 WL 277671, at *9 (Haw. App. Jan. 31, 2022).

For the foregoing reasons, the Judgment entered by the circuit court on May 2, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, March 4, 2022.

On the briefs:

R. Laree McGuire,
for Defendant-Appellant
Association of Apartment Owners
of Elima Lani Condominiums.

Mary Martin,
for Plaintiff-Appellee
Ocwen Loan Servicing, LLC.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge